**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114506

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Theresa Buccilli and Panagiota Matrakas, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Forster & Garbus, LLP, | |
| Defendant. | |

Theresa Buccilli and Panagiota Matrakas, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Forster & Garbus, LLP (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Theresa Buccilli is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Panagiota Matrakas is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Forster & Garbus, LLP, is a New York Limited Liability Partnership with a principal place of business in SUFFOLK County, New York.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Buccilli, Defendant contacted Plaintiff Buccilli by letter ("the Buccilli Letter") dated December 23, 2016. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Matrakas, Defendant contacted Plaintiff Matrakas by letter ("the Matrakas Letter") dated December 24, 2016. ("**Exhibit 1**.")

17. The Buccilli Letter was the initial communication Plaintiff Buccilli received from Defendant.

18. The Matrakas Letter was the initial communication Plaintiff Matrakas received from Defendant.

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

20. Plaintiffs' Debts were each incurred on a Target credit card underwritten by TD Bank USA, N.A.

21. The Buccilli Letter sets forth a "FULL BALANCE" of $3,168.60.

22. The Matrakas Letter sets forth a "FULL BALANCE" of $810.41.

23. The Letters each state, "Depending on your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account."

24. The Letters fail to provide information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve the debts at any given moment in the future.

25. The Letters fail to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debts at any given moment in the future.

26. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

27. For instance, the Letters fail to indicate the applicable interest rate.

28. For instance, the Letters fail to indicate the date of accrual of interest.

29. For instance, the Letters fail to indicate the amount of interest during any measurable period.

30. The Letters fail to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

31. The Letters fail to state what part of the amount stated is attributable to principal.

32. The Letters fail to state what part of the amount stated is attributable to interest.

33. The Letters fail to state what part of the amount stated is attributable to late fees.

34. The Letters fail to state what part of the amount stated is attributable to other fees.

35. The Letters fail to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

36. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amounts owed at the time of the Letters.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

37. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debts at any given moment in the future.

38. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

39. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

40. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

41. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

42. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

43. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## CLASS ALLEGATIONS

44. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter stating that "[d]epending upon your account agreement with the creditor, interest, late charges, and other charges may continue to accrue on your account," from one year before the date of this Complaint to the present.

45. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

46. Defendant regularly engages in debt collection.

47. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter stating that "[d]epending upon your account agreement with the creditor, interest, late charges, and other charges may continue to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

accrue on your account."

48. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

50. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

51. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: December 26, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 114506